[No. 19324. Department One. August 21, 1925.]

HARRY E. REYNOLDS, *Appellant,* v. H. W. HALL, *Respondent.*[1]

INTEREST (20)—COMPUTATION—TIME FROM WHICH INTEREST RUNS —CONTRACTS. In an action on contract, in which defendant seeks rescission and recovery of earnest money, he is not entitled to interest thereon prior to the date of entering into the contract, although the earnest money was paid prior thereto under a tentative agreement displaced by the contract in suit.

.Appeal from a judgment of the superior court for King county, Frater, J., entered November 28, 1924, upon findings in favor of the defendant, in an action on contract tried to the court. Modified as to interest.

*Earl V. Clifford,* for appellant.

*Cosgrove & Terhune,* for respondent.

PARKER, J.—This action was originally ·commenced as an action at law by the plaintiff, Reynolds, seeking recovery from the defendant, Hall, of the sum of $2,250 as a balance due upon a $3,000 agreed sale price of certain written patented formula, instructions in connection therewith and the right to manufacture and market in certain territory so-called "Alpha Tile Products." By his answer and cross-complaint, Hall sought rescission of the sale contract and recovery from Reynolds of the $750 paid upon the contract. A trial upon the merits in the superior court for King county, as an equity case by reason of the nature of the relief sought by Hall, resulted in a decree as prayed for by him, from which Reynolds has appealed to this court.

On October 4, 1923, a formal written contract was entered into, by the terms of which Reynolds agreed

[1]Reported in 238 Pac. 572.

to sell, and Hall agreed to purchase, for the sum of $3,000, the formula, instructions and territorial rights in question. The formula for the ingredients and their mixture was claimed by Reynolds as a secret process and not workable with ready success even by one having the written formula in his possession, without personal instructions in its use. It appears that Reynolds and Hall had, sometime prior to the making of this contract, entered into a tentative agreement for the sale of the formula, instructions and territory, Hall paying to Reynolds on the purchase price $750, for which an earnest money receipt was issued. They had some controversy over their respective claimed rights under this tentative agreement which was finally settled by entering into this contract, which recites the payment of the $750 on the purchase price as having been made, $200 on August 10, 1922, and $550 on August 15, 1922; the contract further reciting as follows:

"The entire balance of twenty two hundred and fifty dollars ($2250) to be paid immediately by said first party to said second party after delivery of instructions and formulas for the manufacture of said products satisfactory to the party of the second part."

The contract does not, in terms, prescribe any time for the giving of the instructions or the delivery of the written formula to Hall; therefore, these acts of performance on the part of Reynolds were to be consummated within a reasonable time under the circumstances, and it seems plain from communications passing between them soon after the making of the contract that they both contemplated that such final performance of the contract should be within ninety days following its making. Just when the action was originally commenced by Reynolds seeking recovery of the balance of the purchase price is not shown by the record before us, but Hall served and filed his

answer and cross-complaint long after the expiration of ninety days following the making of the contract; and this, of course, was the commencement of his action seeking rescission.

The principal controversy seems to be as to whether or not Reynolds fully furnished the written formula and instructions prior to the filing of Hall's answer and cross-complaint seeking rescission; whether or not that was after the expiration of a reasonable time for so doing; and whether or not Hall honestly, and not arbitrarily, decided that the instructions and formula were not satisfactory to him, as by the terms of the contract he was privileged to decide. These questions, as here presented, become practically wholly questions of fact on which the trial court found, among other things, as follows:

"That while the said plaintiff has given to the said defendant H. W. Hall certain instructions, he has failed, neglected and refused to deliver the said formulae, or any of them to the said H. W. Hall, or to furnish any instructions as to the use of said formulae, or any of them; that the said defendants at the time of trial had no knowledge of the contents or character of said formulae or any of them; that the instructions orally received by the said H. W. Hall are valueless without formulae and instructions concerning the use thereof. . . . That the instructions received by the said defendant H. W. Hall are insufficient in that Alpha tile products cannot be made through their use alone; that said instructions are not satisfactory to the said H. W. Hall."

Some question is made touching the sufficiency of the exceptions to properly challenge in this court the correctness of these findings. Passing that question, we have read the evidence with some care and are convinced that those findings are supported by the evidence; and further that Hall did not dishonestly or

arbitrarily decide that the instructions and formula were not satisfactory to him, though as to the latter the trial court did not make any finding. We conclude, therefore, that Hall is entitled to recover.

It is contended in behalf of Reynolds that the trial court erred in awarding interest to Hall upon the $750 from the dates August 10th and August 15th, 1922, as was done by the terms of the decree; the contention being that, "appellant questions the right of the respondent to have interest on the money paid down by him on the contract dated back of the contract," meaning, of course, that Hall should not, in any event, be awarded interest on the $750 awarded to him, other than from October 4, 1923, the date of the contract. It seems plain to us that this contention is well grounded, and that, in no event, could Hall rightfully claim interest from an earlier date. The whole situation is, under the new contract, as though Hall had paid to Reynolds the $750 as of that date. In other words, that was a part of the then present consideration for the making of the contract. All that had gone before was merged into that contract. Hall is not claiming return of his money upon the ground of having been fraudulently or by mistake induced to part with it, but upon the ground of the failure of performance of the contract on the part of Reynolds. Indeed, it might be well contended that Hall would not be entitled to interest prior to his final claim of rescission, which did not occur until he filed his cross-complaint seeking rescission. 9 C. J. 1266; 33 C. J. 187. However, we need not pursue this inquiry, and refrain from expressing any opinion thereon, since Reynolds only claims that he should not be charged with interest upon the $750 prior to October 4, 1923, the date of the contract.

The decree is reversed in so far as it charges interest against Reynolds prior to October 4, 1923, otherwise the decree is affirmed. The cause is remanded to the superior court with directions to correct its decree accordingly. Neither party will recover costs in this court.

TOLMAN, C. J., BRIDGES, MAIN, and ASKREN, JJ., concur.